**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CODY A. STOTLER, #126091918,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Case No. 3:16-CV-2858-L-BK** |
| | § | |
| **JOHNSON COUNTY CORRECTIONS** | § | |
| **CENTER, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States magistrate judge for judicial screening. On October 11, 2016, Plaintiff, a Johnson County pretrial detainee, filed a *pro se* complaint under 42 U.S.C. § 1983. Doc. 3. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED**.

## I. BACKGROUND

Plaintiff brings this suit against Johnson County, the Johnson County Corrections Center, and LaSalle Southwest Corrections. Doc. 3 at 3. He asserts Defendants denied him access to the law library and refused to let him make unmonitored calls to his lawyer. Doc. 3 at 4. Plaintiff does not request monetary damages; rather, he seeks dismissal of his charges. Doc. 3 at 7.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to

state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, the complaint is frivolous.

Plaintiff fails to raise a cognizable claim of denial of access to the courts or the law library.  When a criminal defendant is represented by counsel, he has no constitutional right of access to a law library in connection with his criminal proceedings.  *See Caraballo v. Fed. Bureau of Prisons,* 124 Fed. App'x 284, 285 (5th Cir. 2005) (unpublished *per curiam*) (inmate who was represented by court-appointed counsel had no constitutional right of access to law library in preparing his defense).  Plaintiff confirms in answer to the *Magistrate Judge's Questionnaire* that he is represented by either appointed or retained counsel in the state criminal cases pending against him.  Doc. 7 at 2.

Nor can Plaintiff raise a claim of denial of access to the courts.  While prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 822-3(1977), the right is limited to "encompass[] only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'"  *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)

(quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)).   Here, Plaintiff does not allege that he was unable to challenge a prior conviction or the conditions of his confinement.  Indeed, he successfully prepared and mailed to the Court the complaint in this case.  In addition, he does not allege that his position as a litigant was prejudiced in any way during his detention at the Johnson County Jail.  *See Lewis*, 518 U.S. at 351 (to prevail, an inmate must demonstrate that he suffered an "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim").

Furthermore, Plaintiff complains of the denial of unmonitored phone calls with his lawyer.  Doc. 3 at 4.   However, as reflected in answer to the inmate grievance enclosed with the complaint, defense counsel was permitted at any time to request unmonitored phone calls or visits with Plaintiff.  Doc. 3 at 8.  Thus, this claim lacks factual basis.

Additionally, insofar as Plaintiff seeks to dismiss the criminal charges pending against him, his claim is not cognizable under section 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").  Constitutional challenges to state court charges and convictions are generally cognizable in a federal habeas corpus action after exhaustion of state court remedies.  *See* 28 U.S.C. §§ 2241, 2254.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, however, leave to amend is not required where plaintiff "has already pleaded his 'best case." *Brewster v. Dretke,* 587 F.3d 764, 767-768 (5th Cir. 2009).  As discussed herein, Plaintiff

cannot, as a matter of law, state a colorable legal claim. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

**SIGNED March 24, 2017.**

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE